**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| JESSE MORGAN, AS ADMINISTRATOR AD PROSEQUENDUM OF THE ESTATE OF LUCY L. MORGAN, AND AS PARENT AND NEXT FRIEND OF S.A.M., S.R.M., AND A.J.M., | ) | |
| Plaintiffs, | ) | Case No. |
| v. | ) | |
| FRANKLIN SPORTS, INC., | ) | |
| Defendant. | ) | |

**<u>DEFENDANT FRANKLIN SPORTS, INC.'S NOTICE OF REMOVAL</u>**

Pursuant to 28 U.S.C. §§ 1332(a), 1441(a), 1446, Defendant Franklin Sports, Inc. ("Franklin Sports") files this Notice of Removal and removes the above-captioned state court action, originally filed as Docket No. YRKSC-CIV-2026-00165 in the Maine Superior Court in York County (the "State Court Action") to the United States District Court for the District of Maine. Removal is warranted on the following grounds:

**REMOVAL IS TIMELY**

1. On August 17, 2026, Jesse Morgan, as administrator ad prosequendum of the estate of Lucy L. Morgan and as parent and next friend of S.A.M., S.R.M., and A.J.M., filed a product liability complaint against Franklin Sports in the State Court Action.

2. On August 31, 2026, Franklin Sports accepted service of the complaint. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the State Court Action docket sheet, complaint, and acceptance of service are attached hereto as **Exhibits A, B, and C**.

3. This Notice of Removal is timely because Franklin Sports is filing it within 30 days of service of the complaint. *See* 28 U.S.C. § 1446(b).



25937966.1

## NATURE OF THE ACTION

4. This action arises from injuries allegedly caused by a badminton racket provided at a short-term rental property in Limerick, Maine, where the Morgan family was vacationing from their home in New Jersey. Compl. ¶¶ 7-8. The racket was provided with the rental cottage. *Id.* ¶ 8. Franklin Sports allegedly "designed, tested, manufactured, advertised, promoted, distributed, and/or sold the badminton racket." *Id.* ¶ 22.

5. The Complaint contains claims for strict liability, negligence, negligent infliction of emotional distress, breach of warranty, survival damages, and wrongful death. Franklin Sports is the sole defendant.

## THIS COURT HAS JURISDICTION

6. This Court has subject-matter jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332(a) because: (1) this action is between citizens of different states; and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7. According to the Complaint, Lucy L. Morgan was domiciled in and a citizen of New Jersey at the time of her death. S.A.M., S.R.M., and A.J.M. were each domiciled in and citizens of New Jersey when the State Court Action commenced and remain so as of removal. Pursuant to 28 U.S.C. § 1332(c)(2), Jesse Morgan, in his capacity as representative of Lucy L. Morgan's estate, is deemed a citizen of New Jersey, and in his capacity as representative of each minor child, is likewise deemed a citizen of New Jersey. *See* Compl. ¶¶ 1-4; *see also* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal

representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant”).

8. The complaint alleges that Franklin Sports is a Massachusetts corporation with its corporate headquarters in Stoughton, Norfolk County, Commonwealth of Massachusetts. *See* Compl. ¶ 5. Franklin Sports is actually a Delaware corporation and has its principal place of business in Stoughton, Massachusetts. *See* Declaration of Michelle Brownlee, attached hereto as **Exhibit D**. Stoughton is the location where the company’s officers direct, control, and coordinate Franklin Sports’ business activities. *Id.* Franklin Sports therefore is a citizen of Delaware and Massachusetts. *See* 28 U.S.C. § 1332(c)(1) (“a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business”).

9. Complete diversity exists because the citizenship of every Plaintiff differs from that of Franklin Sports. Franklin Sports is the sole defendant and is not a citizen of Maine.

10. The complaint does not allege a specific amount in controversy, per Maine practice. *See* 14 M.R.S. § 52 (under Maine law, a plaintiff is prohibited from including a dollar amount in the ad damnum clause). Because the complaint seeks damages without specifying an amount, Franklin Sports asserts the amount in controversy pursuant to 28 U.S.C. § 1446(c)(2)(A)(ii). Defendant’s “notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.” *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. In determining whether the jurisdictional amount in controversy has been met, "[t]he question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties." *Connolly v. Dorris*, No. 2:19-cv-00510-GZS, 2020 WL 206932, at *2 (D. Me. Jan. 14, 2020). In arriving at that amount, courts draw "all reasonable inferences in favor of the Plaintiff's Complaint." *Doughty v. Hyster New England, Inc.*, 344 F. Supp. 2d 217, 219 (D. Me. 2004) (citation omitted).[1]

12. Here, Plaintiff seeks damages for the death of a minor child and "severe emotional distress," including wrongful death damages pursuant to 18-C M.R.S. § 2-807 and survival damages pursuant to 18-C M.R.S. § 3-817. The complaint seeks all categories of damages available under Maine's Wrongful Death Act, including damages for funeral expenses; pecuniary loss; emotional distress; loss of comfort, society, and companionship; and punitive damages. In addition, the complaint alleges bystander emotional distress claims on behalf of three minor children who allegedly witnessed the fatal injury to Lucy Morgan. Compl. ¶ 16. Given the alleged fatal injury and the nature and extent of the damages sought, the amount in controversy exceeds the jurisdictional threshold of 28 U.S.C. § 1332(a).

**ALL PROCEDURAL REQUIREMENTS ARE MET**

13. This Court is the proper venue for removal because the State Court Action is pending in the Maine Superior Court in York County, which is within this District. 28 U.S.C. §§ 99, 1441(a).

[1] Franklin Sports denies liability in this case and nothing in this Notice of Removal should be deemed to be an admission of liability or an admission that Plaintiff is entitled to any damages.

14. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the clerk of the Maine Superior Court in York County and served upon counsel for the Plaintiff.

15. Should Plaintiff seek to remand this case, or should the Court consider remand *sua sponte,* Franklin Sports respectfully requests the opportunity to submit evidence and additional arguments and conduct discovery in support of removal prior to any order remanding this case.

**NO ADMISSIONS OR WAIVER OF DEFENSES**

16. Franklin Sports does not admit any allegations in the complaint or relinquish any right to assert defenses, including affirmative defenses, personal jurisdiction, and its right to challenge the sufficiency of the pleadings.

**CONCLUSION**

WHEREFORE, Defendant Franklin Sports respectfully removes this action from the Maine Superior Court in York County to the United States District Court for the District of Maine pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Dated at Portland, Maine this 4th day of September, 2026.

Respectfully submitted,

*/s/ Sigmund D. Schutz*

Sigmund D. Schutz, Esq.
Alexandra Harriman, Esq.
Preti Flaherty Beliveau & Pachios, LLP
One City Center, P.O. Box 9546
Portland, ME 04112-9546
(207) 791-3000
sschutz@preti.com
aharriman@preti.com
*Counsel for Defendant Franklin Sports, Inc.*